UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

                                    CRIMINAL CASE NO. 05-50077

v.

JEREMY PERNELL DRUMMOND,        HONORABLE PAUL V. GADOLA
                                                     U.S. DISTRICT COURT
                    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE

Before the Court is Defendant's motion in limine to exclude evidence of Defendant's prior acts. Defendant is charged with one count of wire fraud and one count of possession of fifteen or more unauthorized access devices with intent to defraud. Both counts require the Government to prove specific intent to defraud, as an element of the offense. 18 U.S.C. § 1343; 18 U.S.C. § 1029(a)(3). Thus, the Government wishes to introduce evidence of Defendant's prior conviction of one count of wire fraud and one count of possession of fifteen or more unauthorized access devices with intent to defraud, essentially the same crimes he is charged with now.

The introduction of the evidence is permissible to prove intent. *United States v. Johnson*, 27 F.3d 1186, 1192 (6th cir. 1994). Nevertheless, Defendant contends that the evidence should be excluded because the danger of unfair prejudice substantially outweighs its probative value, Fed. R. Evid. 403, especially because the prior crimes are so similar to those with which he is currently charged. *See United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996). In addition, Defendant argues that the evidence will confuse the issues, mislead the jury, waste time and amount to a needless presentation of cumulative evidence. *See* Fed. R. Evid. 403.

However, the similarity of Defendant's prior crimes to those he is alleged to have now committed supports admissibility, as it is "highly probative" of his intent. *United States v. Feinman*, 930 F.2d 495, 499 (6th Cir. 1991). Furthermore, the fact that Defendant's prior convictions concern a few discrete events that are discernable in time mitigates the danger that the issues will be confused, that the jury misled or that the presentation of the evidence will be a needless cumulation. Finally, the Government's proposed limiting jury instruction also mitigates these concerns.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion in limine to exclude evidence of Defendant's prior acts [docket entry 21] is **DENIED**.

**SO ORDERED.**


Dated:   April 7, 2006                              s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE


Certificate of Service

I hereby certify that on   April 7, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
              Mark C. Jones; David A. Koelzer                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                              .

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845